On the Merits.
LOTTINGER, Judge.
Pursuant to our previous remand of this matter for completion of the record, the missing judgment has been supplied and the matter is now before us again.
The suit involves the plaintiff’s claim to a right of passage which runs adjacent to and parallel to the western or northwestern boundary of an 80.37 acre tract of land hi St. Landry Parish owned by defendant, Emile Dupre, and situated to the east or southeast of a tract belonging to the plaintiff, Raoul Benoit. The trial judge ruled in favor of the plaintiff and the defendant has appealed.
The documentary evidence shows that on December 10, 1943, one Robert Dupre and his wife conveyed to one Dupreus Mouton the tract now owned by plaintiff. To this act intervened one Benjamin C. Kidder, the then owner of the tract now owned by defendant, as follows:
“And to these presents came and intervened Benjamin C. Kidder, owner of contiguous lands fronting on the paved highway and agrees to the existence and continuance in perpetuity as it presently exists of outlet or passage running from the tract sold hereunder to the paved highway, said lane to be for the exclusive use of the purchaser or his assigns and as well for the contiguous properties owned by said Kidder and the vendors or their assigns, and to be jointly maintained at the expense of those making use of same.”
On November 7, 1945, Mouton recon-veyed the tract to Robert Dupre and his wife by act of sale which stipulated specifically that there was also conveyed the right of passage previously granted by Kidder. Subsequently, on March 10, 1955, the Du-pres conveyed the tract to the plaintiff. This act also recited that there was also conveyed the right of passage as granted by Kidder in 1943.
The defendant acquired his tract from Benjamin C. Kidder on February 25, 1952. This act contained the following language.
“Full cognizance is taken by the purchaser of acceptance and establish *835 ment of outlet or passage between the above property and that presently owned by Robert Dupre and wife and granted by present vendor in the sale from said Robert Dupre and wife to Dupreus Mouton, dated and recorded December 10, 1943, under Entry 219,-003 in Conveyance Book Q-7, page 299, the same having been conveyed to Robert Dupre and wife by the said Mouton under sale to them of date November 7,1945 and duly recorded.”
The plaintiff’s petition, which was filed on December 30, 1955, recites that on or about May 15, 1955, the defendant disturbed him in his possession of the right of way by the erection of a fence and the removal of jars forming the bridge from the right of way to the main highway. The defendant’s answer admits the creation of the servitude, the construction of the fence and removal of the jars, but interposes two defenses, namely, (1) that the estate for the advantage of which the servitude was created was subsequently acquired by the original owner thus extinguishing the servitude, and (2) that the servitude was lost by the non-use thereof for a period of more than ten years.
The first defense is clearly without merit. LSA-C.C. art. 805 provides that every "servitude is extinguished, when the estate to which it is due, and the estate owing it, are united in the same hands * * * This js not case here, however, as the record does not reflect that at any time were the properties of plaintiff and defendant owned by the same person at the same time.
Various witnesses testified with respect to the factual issue raised by the second defense. The plaintiff testified, that he used the passage way, or lane as some of the witnesses referred to it, after he acquired his property in 1955, and that he had used it for some twelve years previously, he having worked his tract previous to having purchased it. He testified further that at one time the lane had been graded by the parish.
Robert Dupre called as a witness on behalf of the plaintiff, testified that he had used the passage way in the years 1953, 1954 and 1955. He stated, in addition, that Dupreus Mouton had used it during the entire time he owned the tract now owned by plaintiff.
Aides Lee and his father, Henry Lee,' were both called as witnesses but neither gave any positive testimony with regard to the use of the lane.
Clayton Guillory, who was called as a witness by the defendant, stated that he lived a quarter of a mile away from plaintiff’s property and that he had never seen anyone use the road. He modified this statement, however, by admitting that Du-preus Mouton had used it when he owned the place.
Calvin Roberts, called by defendant, testified that he had never seen plaintiff use the lane, but that he had seen the defendant use it.
The defendant testified that he had never seen the plaintiff use the lane, but admitted that it had been used by Dupreus Mouton.
 The burden of proof of establishing the fact of ten years non-use rests upon the defendant. Apparently the trial Judge did not feel that he had sustained it and we cannot say that he was in manifest error in so concluding.
In his brief filed in this court appellant contends that plaintiff had not been in possession for one year previous to filing suit and hence under LSA-C.C. art. 3454 cannot bring a possessory action. Even if we consider the action a possessory one, we believe the trial judge was correct in concluding that plaintiff and his authors in title were in possession of the servitude as stated above.
We find no manifest error in the judgment appealed from and the same is therefore affirmed.
Judgment affirmed.